## IN THE UNITED STATE DISTRICT COURT
## FOR THE STATE OF NEW MEXICO

FILED
AT ALBUQUERQUE

APR 0 2 2003

ROBERT M. MARCH
CLERK

TED WIARD, as personal representative
of the estates of Amy Wiard and Keri Wiard,
deceased,

        Plaintiff,

vs.                                            CIVIL NO. 02-1544 WJ/RHS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

## PROPOSED FINDINGS OF UNCONTROVERTED FACT

1. The Plaintiff, Ted Wiard, was a widower and single parent of Keri Wiard, date of birth 03/23/87, and Amy Wiard, date of birth 10/20/89, and was duly appointed personal representative of the estates of Amy Wiard and Keri Wiard, by the Taos County Probate Court, Cause Nos. 96-34 and 96-35. (Plaintiff's Affidavit ¶s 2 & 3, attached as Exhibit "1".) 2. Rachel Devlin was the natural grandmother of Keri Wiard and Amy Wiard, and the mother-in-law of Ted Wiard. (Plaintiff's Affidavit, ¶4, attached as Exhibit "1".)

3. On 07/29/96, Amy Wiard and Keri Wiard were residents of Ted Wiard's household and Rachel Devlin's household, and by reason thereof they were Class 1 insureds under the Wiard policies and the Devlin policies. (Plaintiff's Affidavit ¶5, attached as Exhibit "1".)



4. On 07/29/96, Ted Wiard had in force and affect with State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") two automobile insurance policies (Wiard policies) which provided uninsured/underinsured motorist ("UM/UIM") coverage in the amount of $50,000.00 per person and $100,000.00 per accident on each of the two vehicles, resulting in "stacked" UIM coverage of $100,000 per person and $200,000 per accident. (Amended Complaint ¶3, and Defendant's Answer ¶3.)

5. On 07/29/96, Rachel Devlin had in force and affect with State Farm three (3) automobile insurance policies (Devlin policies) two (2) of which provided UM/UIM coverage in the amount of $50,000 per person and $100,000 per accident, and one (1) policy which provided UM/UIM coverage in the amount of $100,000 per person and $300,000 per accident, resulting in "stacked" UIM coverage of $200,000 per person and $500,000 per accident. (Amended Complaint ¶4, and Defendant's Answer ¶4.)

6. On 07/29/96, while the aforesaid insurance policies with Ted Wiard and Rachel Devlin were in force and affect, Amy Wiard and Keri Wiard were passengers in a vehicle driven by Rachel Devlin when she negligently attempted to cross U.S. 64 from Los Colonias Road in Taos, New Mexico, without yielding the right-of-way and thereby caused her vehicle to be struck broadside by a Sanco Sanitation truck. (Amended Complaint ¶s 7 & 8, and Defendant's Answer ¶s 6 & 7.)

7. As a direct and proximate result of the aforesaid collision of 07/29/96, Amy Wiard and Keri Wiard sustained serious and substantial injuries which caused their deaths. (Amended Complaint ¶8, and Defendant's Answer ¶7).

8. In response to Plaintiff's numerous requests that State Farm advise him of Rachel Devlin's liability coverage and UM/UIM coverage, State Farm advised Plaintiff that Rachel Devlin had only one (1) insurance policy which provided $100,000/$300,000 of liability coverage and UM/UIM coverage. The correspondence between Ted Wiard's attorney and State Farm which document Ted Wiard's repeated requests to be advised of Rachel Devlin's coverage is attached as follows:

- Exhibit "2": Letter from Anthony López to Noelle Mendoza of State Farm Insurance dated 08/08/96, requesting that State Farm provide him a "certified copy of Mrs. Devlin's insurance policy and any umbrella policies that might be applicable."

- Exhibit "3": Letter from Noelle Mendoza to Anthony López dated 08/16/96, submitting a Certificate of Coverage for only one vehicle, and advising there was no umbrella policy.

- Exhibit "4": Certificate of Coverage which stated that Mrs. Devlin had only one insurance policy, No. 1909-294-31F, which provided liability coverage of $100,000 per person/$300,000 per accident.

- Exhibit "5": Letter from Anthony López to Noelle Mendoza dated 09/04/96 advising her that the Certificate of Coverage did not indicate whether Mr. Devlin had UM/UIM coverage, and requesting a Certificate of Coverage as to "the UM coverage available on the vehicle involved in the collision."

- Exhibit "6": Letter from Noelle Mendoza to Anthony López dated 09/11/96 advising that Mrs. Devlin did have UM/UIM coverage, but she did not advise of the amount of such coverage, and stated that only the liability coverage of the policy applied to the loss and that the policy and the case law agreed that there would be no coverage available to Mr. Wiard under the UM/UIM coverage.

- Exhibit "7": Letter from Anthony López to Noelle Mendoza dated 09/16/96 advising that in order for him to make his own evaluation and determination of what coverage is, or is not, available to Mr. Wiard, he needed to review Mr. Devlin's insurance policy and declaration sheet, and again requested a Certification of Coverage for Mr. Devlin's insurance policy which indicates the amounts of UM coverage and a copy of the policy.

- Exhibit "8": Letter from Anthony López to Noelle Mendoza dated 10/30/96. confirming his telephone conversation with her of 10/30/96 in which he again requested that State Farm provide him with a copy of Mr. Devlin's policy. In addition, Mr. López threatened lawsuit if he was not provided with a copy of Mr. Devlin's and Mr. Wiard's insurance policies immediately.

- Exhibit "9": Letter from Noelle Mendoza to Anthony López dated 11/01/96 advising that "[State Farm] <u>does not have any other policies to give you regarding Devlin's coverage</u>."

- Exhibit "10": Handwritten note from Noelle Mendoza to Anthony López dated 11/15/96 submitting a certified copy of the Devlin policy and stating that <u>this was the only "Devlin policy that was enforce(sic) on the date of the accident.</u>" (Emphasis added.)

- Exhibit "11": Certificate of Coverage stating that the attached policy, No. 190-2294-C23-31F, was a copy of the policy issued to Edward Devlin and effective as of 07/29/96.

9. On 05/07/97, Plaintiff settled with State Farm the wrongful death claims of Amy Wiard and Keri Wiard for Rachel Devlin's liability limits of $100,000 per estate, for a total of $200,000. (Attached as Exhibit "12" are copies of the settlement agreements.)

10. On 01/14/98, the Plaintiff settled with Sanco Sanitation the contributory negligent claims for the wrongful deaths of Amy Wiard and Keri Wiard for the sums of $125,000.00 each, for a total of $250,000.00. (Attached as Exhibit "13" are copies of the settlement agreements.)

11.  The damages for the wrongful deaths of Amy Wiard and Keri Wiard far exceeded the amounts of $225,000 recovered from Rachel Devlin's liability coverage and Sanco Sanitation, and Rachel Devlin was therefore an underinsured motorist under the Wiard and Devlin policies. (See Exhibit "14", letter from Defendant's attorney dated 10/23/02 tendering UIM limits).

12. In a letter dated 06/21/02, Plaintiff demanded arbitration with State Farm to determine the amount of "stacked" UIM coverage Plaintiff was entitled to under the Wiard policies and Devlin policies. (Exhibit "15")

13. On 07/21/002, Plaintiff filed a lawsuit for Declaratory Judgment against State Farm in Taos County District Court, Cause No. 2002-239 CV in which Plaintiff asked the Court to remand this case to arbitration to determine whether Amy Wiard and Keri Wiard were Class I insureds under the Wiard and Devlin policies, and if so, the amount of UIM compensation their estates were entitled to under the policies. (See Complaint for Declaratory Judgment filed herein with Notice of Removal. This is the predecessor of the current action which was removed by State Farm to this Court.)

14. After the Complaint for Declaratory Judgment was filed in the Taos County District Court, on 08/09/02, State Farm for the first time advised Ted Wiard that Rachel Devlin had three (3) separate policies with State Farm that provided UIM coverage in the amounts of $50,000/$100,000 on two vehicles, and $100,000/$300,000 on the third vehicle she was driving at the time of the collision, for a total of $200,000/$500,000 of UM coverage per child. (Exhibit "16", letter from Defendant's attorney dated 08/09/02.)

15. The total "stacked" UIM benefits available to each of the estates of Amy and Kari Wiard under Ted Wiard's two(2) policies and Rachel Devlin's three (3) policies was $300,000.00. (Amended Complaint ¶s3 & 4, and Defendant's Answers ¶s 3 & 4)

16. On 10/23/02, after allowing an offset of $225,000 of liability damages recovered ($100,000 from Rachel Devlin and $125,000 from Sanco Sanitation) for each estate, State

Farm paid to Ted Wiard, as Personal Representative, the sum of $75,000.00 for each of the estates of Amy Wiard and Keri Wiard. (Exhibit "17", letter from Defendant's attorney dated 10/23/02.)

17. Defendant, State Farm, has refused to pay interest on the sum of $150,000 of UIM benefits it paid to Ted Wiard on 10/23/02. (Amended Complaint ¶21, and Defendant's Answer ¶14.)

18. Ted Wiard's insurance policies with State Farm provides in part as follows:

> "Two questions must be decided by agreement between the insureds and us:
>
>> 1. Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and
>>
>> 2. If so, in what amount?
>
> If there is no agreement, these questions shall be decided by arbitration upon written request of the insured or us."
> (Emphasis added; Exhibit "18", copy of insurance policy.)

Respectfully submitted by:

*[signature]*

ANTHONY G. LOPEZ
**Attorney for Plaintiff**
Box 6185
Taos, New Mexico 87571
(505) 758-0145

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2003, a true copy of the foregoing pleading was mailed to opposing counsel of record:

TERRY GUEBERT
Guebert, Bruckner & Bootes, P.C
Post Office Box 23880
Albuquerque, NM 87109-3880

ANTHONY G. LOPEZ

-7-

**THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE...**